DENTON *v.* BERRYVILLE AUTO SERVICE COMPANY.

Opinion delivered February 14, 1921.

1. LIENS—INNOCENT PURCHASER.—In an action by an auto repair company to enforce a lien on a car for supplies and repairs, under General Acts 1919, p. 123, evidence *held* to establish that defendant claiming to have purchased the car was not an innocent purchaser thereof.

2. ESTOPPEL TO DENY OWNERSHIP.—Where the owner of an automobile suffered plaintiff, an auto repair company, to extend credit to a third person in possession of the car for accessories to and repairs on the car, upon the assumption that the supplies and repairs would be secured by a lien on the car, under General Acts 1919, p. 123, the owner was estopped to deny the third person's ownership, so far as the lien is concerned.

Appeal from Carroll Chancery Court, Eastern District; *Ben F. McMahan,* Chancellor; affirmed.

*Johnson & Simpson,* for appellant.

The chancellor erred in declaring a lien in favor of appellees on either of the automobiles in controversy. The evidence fully sustains appellant in his contention that no work or labor was ever done on either of the automobiles by appellees or that appellees by their work or labor ever at any time placed or put any repairs, appliances or accessories on either car, and the clear preponderance of the evidence is that appellant had no knowledge of Cole's indebtedness to appellees. The evidence was insufficient under act No. 140, Acts 1919, § 1, to authorize a judgment in this case. Appellees had no lien under the act or any other act, and the judgment is against the clear preponderance of the evidence. The lien given by the act can not take precedence over a *bona fide* purchaser of the vehicle.

*Andrew J. Russell,* for appellees.

The act No. 140, Acts 1919, authorizes a suit of this nature and gives a lien for all accessories furnished and the evidence sustains the decree. Denton certainly knew what Cole was doing and is bound. Section 1 of the act dissipates appellant's theory, and the evidence sustains the chancellor's findings.

SMITH, J. This is an appeal from a decree of the court below rendering judgment against Hugh Cole for certain automobile supplies and repairs and declaring a lien for the amount thereof on two automobiles now claimed by W. D. Denton. Denton alone has appealed.

The account sued on covered accessories for and repairs on two Ford touring cars, all of which items were charged on the 8th and 9th of September, 1919, except an item of $3.05 which was charged on September 11, and another item of $1.50 which was charged on September 12. The total amount of the account was $134.73.

The items were all furnished and charged to Cole, who does not dispute their correctness; but he says he only owned one of the cars, and that he sold that car, together with the accessories, to Denton on September 12, and that the sale was on a credit of thirty days, whereas the suit was brought before the expiration of that time. Denton testified that he only bought one car from Cole, and that he bought that one without any knowledge of the claim which the plaintiff seeks to enforce, and that he was the sole owner of the other car long before the indebtedness sued on was incurred.

The testimony of Cole and Denton makes a complete defense to the demand sued on. But we can not say that the chancellor's finding against them is clearly against the preponderance of the testimony.

Both Cole and Denton operated jitneys, and Cole was the admitted owner of one of the cars in controversy and the ostensible—if not the actual—owner of the other. Denton claims to have made his purchase on or about September 12 of the Cole car and the accessories on and in his own car, yet all the items of the account bear

about that date.  Cole represented himself to be the owner of both cars, and obtained the credit which was extended on the faith of that reprsentation, and Denton must have known that fact.

Seventy-five dollars of the account was for three casings and three inner tubes, which Hanbury, who represented appellee, testified he saw on the car which Denton claimed as his own, and which he did not buy from Cole.  Denton admitted these accessories were in and on his car, but he testified that he bought them from Cole and paid for them without notice of any claim on the part of appellee.  But his answers to the questions asked him on cross-examination justified the court in diregarding that testimony.  He claimed to have taken these accessories from Cole in satisfaction of a debt which Cole owed him at the time; but when asked what Cole then owed him he did not remember, and when asked about how much was still due him answered, ''I could not say.'' He was equally indefinite about the terms of the purchase of the car which he claimed to have bought from Cole.

Other questions and answers by Denton are as follows:

Q.   How much difference did you pay him between what he owed you and the $375, the price of the car?

A.   We didn't make that kind of a trade.  I was to give $375 for the car and nothing was said about what he owed me.

Q.   Did you give him $375 for the car?

A.   No.

Q.   How much did you give him for the car?

A.   I paid him $150 out of the $375.

Q.   Have you paid him the balance due on the car?

A.   No.

Q.   Did you pay him $75 in cash for supplies, or did you give him credit on what he owed you?

A.   Part credit and part cash—I don't remember the amounts of each.

Q.   Can you give the court some idea of the respective amounts?

A.   No.

Q.   How much do you owe Mr. Cole at this time?

A.   I don't know.

Q.   Can you give an approximate estimate of the amount?

A.   No.

Q.   Did you own any car other than the Stanhope car at the time you purchased the three casings and three inner tubes from Hugh Cole?

A.   Owned a half interest in one.

Q.   Where was the car at that time?

A.   Okmulgee, Oklahoma.

Q.   Did you use those supplies or any part of them on that car; if so, state what you did use of them?

A.   Three casings and maybe one inner tube—I am not sure.

Q.   Were these the casings you purchased from Hugh Cole?

A.   Yes.

These essential details were left in as much doubt by Cole as by Denton.

The proceedings to enforce the lien here declared on the two automobiles was authorized by act 140 of the Acts of 1919 (General Acts 1919, p. 123). This statute gives all dealers in automobile accessories, and to all repair men who perform work or labor on any automobile, a lien on the automobile for which such accessories were furnished or repair work done for the value thereof. The act provides that the lien shall not take precedence over a *bona fide* purchaser for value, without notice, either actual or constructive, of the claim of a lien. The act provides for constructive notice of a claim for a lien.

We think Denton knew of the transaction between Cole and appellee, and was not, therefore, an innocent purchaser of the car which he claims to have bought from Cole. We are also of opinion that Denton must have known that Cole had obtained credit for the $75

worth of accessories which were in and on the Denton car upon the assumption by appellee that Cole was the owner of the Denton car. He, therefore, suffered appellee to extend this credit upon the assumption that the supplies furnished would be secured by a lien on the car for which they were bought, and Denton is, therefore, estopped from denying Cole's ownership of the Denton car so far as enforcing the lien against it for the accessories found in and on it is concerned. *Miller* v. *Wilson,* 56 Ark. 360; *Turner* v. *Watkins,* 31 Ark. 429; *Franklin* v. *Meyer,* 36 Ark. 96; *Jowers* v. *Phelps,* 33 Ark. 465; *Geren* v. *Caldarera,* 99 Ark. 260; *Fagan* v. *Stuttgart Normal Institute,* 91 Ark. 141.

Judgment affirmed.